BELFAST SAVINGS BANK

*vs.*

KENNEBEC LAND AND LUMBER COMPANY.

Kennebec.    Opinion May 15, 1882.
</div>

*R. S., c. 81, § 56.    Attachment of real estate.    Taxes.    Tax title.
Stat. 1880, c. 214.    Practice.*

The specification of the claim sued in the writ upon which real estate was attached was "To amount due on account, $707.92. Interest, 75.00," with an additional allegation that under the money count, the plaintiff would claim to recover the balance due on account. *Held*, that these specifications were insufficient under R. S., c. 81, § 56, to create any lien upon the real estate by the attachment.

A sale to pay a tax, where the tax lists were signed by but one assessor, when three were duly elected and qualified, is invalid; and money deposited with the clerk under the provisions of stat. 1880, c. 214, before commencing an action involving the validity of such a sale, must be restored to the party making the deposit.

ON REPORT.

The case and material facts are stated in the opinion.

*William H. Fogler*, for the plaintiff, cited upon the questions considered in the opinion:  R. S., c. 81, § 56; *Saco* v. *Hopkinton*, 29 Maine, 268; *Osgood* v. *Holyoke*, 48 Maine, 410; *Jordan* v. *Keen*, 54 Maine, 417; *Brown* v. *Veazie*, 25 Maine, 362; *Nason* v. *Ricker*, 63 Maine, 383; *Johnson* v. *Goodridge*,

15 Maine, 31; *Bangor* v. *Lancey*, 21 Maine, 472; *Colby* v. *Russell*, 3 Maine, 227; *Foxcroft* v. *Nevens*, 4 Maine, 75.

*E. W. Whitehouse*, for the defendant.

The claim in the writ, upon which the premises were attached, was sufficiently stated to create a valid attachment of real estate. It was stated in the account annexed as

| | |
|---|---:|
| Amount due on account, | $707 92 |
| Interest, | 75 00 |
| | $782 92 |

and a memorandum under the money count, that the amount claimed was the balance shown by the account annexed.

The legal presumption is that this was the balance of an account stated, that it was a balance found by an auditor or agreed upon by the parties. *Jordan* v. *Keen*, 54 Maine, 417.

But if the attachment created no lien, the defendants have a good title through the tax deed. The evidence shows that all the steps required by the statutes to be taken in the assessment and commitment of the taxes, and the sale of the real estate were observed.

WALTON, J. This is a real action. Both parties claim title to the land from William K. Lancy,—the plaintiff by a mortgage dated February 15, 1875, and the defendant by an attachment made November 20, 1872, and a levy December 27, 1878, and a sale for taxes made in 1875 for the non-payment of a tax assessed in 1874.

We think the plaintiff is entitled to recover. Its mortgage is unimpeached, and is sufficient to maintain the action, unless the defendant can show a better title.

The defendant's title through their attachment fails for want of a sufficient specification of the nature and amount of their demand. A statute of this State declares that no attachment of real estate on mesne process shall create any lien thereon unless the nature and amount of the plaintiff's demand is set forth in proper counts, or a specification thereof is annexed to the writ. Act 1838, c. 344; R. S., 1871, c. 81, § 56. In the construction of this statute

the court long ago decided that where a writ contains no other description of the plaintiff's demand than this, "To balance due on account and interest, $1500," no valid attachment of real estate can be made upon it. *Saco* v. *Hopkinton*, 29 Maine, 268. The specification in the writ against Lancy was this, "To amount due on account, $707.92. Interest, 75.00," with an additional allegation that under the money count the plaintiff would claim to recover the "*balance*" due on account. These specifications are almost precisely the same as the one held insufficient in the case cited, and are in no respect any more definite. We think they were insufficient under the statute, and the construction which was long ago put upon it, to justify an attachment of real estate and create a lien thereon. The levy is of course unavailing because subsequent to the plaintiff's mortgage. The attachment failing, the levy fails with it.

The defendant's tax title fails because neither the assessment of the tax, nor the list of taxes committed to the collector, were signed by a majority of the assessors. The law requires all assessments of taxes to be under the hands of the assessors ; and it is well settled that, to be valid, the lists of assessments must be signed by at least a majority of the assessors. A signing by one, when three are duly elected and qualified, is not sufficient. It is not important in what manner they are signed, whether at the beginning or the end of the list, but they must be signed in some form by at least a majority of the assessors, and in such a manner as to show that they intended to give them their official sanction. The signing of a warrant to the collector is not sufficient. The list of assessments must also be signed. *Colby* v. *Russell*, 3 Maine, 227 ; *Foxcroft* v. *Nevens*, 4 Maine, 72 ; *Johnson* v. *Goodridge*, 15 Maine, 29 ; *Bangor* v. *Lancey*, 21 Maine, 472.

The tax for the payment of which the real estate in question was attempted to be sold, was not so signed. It was signed by only one of the assessors, while the case shows that three were duly elected and qualified. A sale to pay such a tax is invalid ; and the other defects in the tax title, claimed by the plaintiff to exist, need not be considered.

An act passed in 1880, declares that no person contesting the validity of any sale of land for non-payment of taxes, shall be permitted to commence, maintain or defend any action at law or in equity, involving the validity of such sale, until he shall have deposited with the clerk of the court in which such action is to be commenced or defended, the amount of all taxes, interest and costs accruing under such sale, and interest thereon, to be paid out by order of court to the party legally and equitably entitled thereto. Act 1880, c. 214. Pursuant to the requirement of this statute one hundred and sixty-six dollars was deposited with the clerk of this court before this suit was commenced. Which is the party "legally and equitably entitled thereto?" The tax not having been legally assessed, we think the money must be restored to the plaintiff. To hold otherwise would make a tax illegally assessed as collectible by a sale of the land as one in the assessment of which all the requirements of the law had been scrupulously complied with.

It will be observed that, in arriving at this conclusion, we have not discussed, and have not undertaken to determine, the constitutionality of the act of 1880, c. 214. That is a question in relation to which we now express no opinion.

The net income of the premises, and for which the defendant is responsible in this action, is admitted to be eighty-seven dollars and seventy-eight cents.

> *Judgment for plaintiff for possession of the real estate demanded, and for rents and profits, estimated at $87.78, and interest thereon from date of writ; and the money deposited with the clerk of the court ($166), to be restored to the plaintiff.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.

LIBBEY, J., did not sit as he was a stockholder in the defendant corporation.